Song CHEN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–1950–AG.

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Jim Li, New York, NY, for Petitioner.

Jeffrey A. Taylor, United States Attorney, District of Columbia; Madelyn E. Johnson, Alexander D. Shoaibi, Assistant United States Attorneys, Washington, D.C., for Respondent.

Present: JOHN M. WALKER, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Song Chen, a native and citizen of the People's Republic of China, seeks review of an April 12, 2006 order of the BIA affirming the November 15, 2004 decision of Immigration Judge ("IJ") Sarah Burr denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Chen,* No. A 97 479 536 (B.I.A. April 12, 2006), *aff'g* No. A 97 479 536 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to con-

clude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 406 (2d Cir.2005); Tian–Yong Chen v. INS, 359 F.3d 121, 129 (2d Cir.2004); see also Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

█ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). However, the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law." To the extent that Chen raises a question of law, this Court retains jurisdiction to review his arguments. Chen's argument that the IJ erred by determining that he failed to demonstrate he had timely filed his asylum application based on the merits of the asylum application itself, is unavailing. The IJ appropriately determined that, in light of the adverse credibility finding, Chen's testimony regarding his date of entry into the United States, and payment receipt for medical treatment, did not amount to "clear and convincing evidence" that he filed his asylum application within one year of his arrival in the United States. See Li

Hua Lin v. U.S. Dep't of Justice, 453 F.3d 99, 103–105 (2d Cir.2006) (holding that IJ's finding that neither petitioner's testimony nor an affidavit from her husband was sufficient to carry her burden on the timeliness issue given the adverse credibility finding, was not arbitrary and did not deny petitioner an opportunity to present her claims). Id. Furthermore, while the Court retains jurisdiction to review constitutional claims, Chen fails to meaningfully raise such an argument; therefore, it is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

Section 1158(a)(3) applies only to asylum requests and does not divest this Court of jurisdiction under § 1252(a) to review final orders of removal which deny other relief. See Joaquin–Porras v. Gonzales, 435 F.3d 172, 180–81 (2d Cir.2006). The Court may therefore review Chen's withholding of removal claim on the merits.

█ Overall, substantial evidence supports the IJ's adverse credibility finding. First, the record supports the IJ's finding that Chen was an "unresponsive" witness. Because a fact-finder who assesses testimony together with demeanor is in the best position to discern more accurately the impression conveyed by the witness, the IJ reasonably found that Chen's demeanor undermined his credibility. See Zhou Yun Zhang, 386 F.3d at 73.

Additionally, the IJ reasonably relied on the consular report in this case. Chen did not dispute the findings of the report, and his wife acknowledged in her letter that the stamp on the sterilization certificate indicated that the health clinic where his

wife had undergone the alleged abortion was under the jurisdiction of Langqi, even though the health clinic had been transferred to the jurisdiction of Mawei District in 1996, and the stamp had since been cancelled. Given that Chen's nonresponsive demeanor had already cast doubt on his credibility, the IJ properly relied on the consular report as further support for her adverse credibility finding, when his rebuttal evidence (i.e., wife's letter), was not sufficiently persuasive to compel any reasonable IJ to reject the report. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 157–58 (2d Cir.2006). Likewise, the IJ reasonably declined to credit the unauthenticated second sterilization certificate and letter from the village committee of Langqi Town indicating that Chen's wife was sterilized in 1991, over the consular report. *Id.* (holding that, when faced with competing documents (i.e., the consular report versus the petitioner's rebuttal documents), the IJ could reasonably credit one over the other).

Further, the IJ appropriately rejected the x-ray report from China, and derivatively, the x-ray report from the United States, because Chen failed to establish a chain of custody or provide other indicia of reliability for the document. While the IJ may not reject documentary evidence solely on the basis that it is not authenticated pursuant to federal regulations, *see Cao He,* 428 F.3d 391 at 404–05, the IJ reasonably expected Chen, at the least, to lay a foundation for the x-ray report.

Although we have identified errors in the IJ's adverse credibility determination, remand would be futile in this case be-cause the IJ's determination is also supported by non-erroneous findings and we can confidently predict that those non-erroneous findings would lead the IJ to reach the same decision were the case remanded. *See Xiao Ji Chen,* 434 F.3d at 161–62.

Lastly, because Chen has failed to challenge the IJ's denial of CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, any such argument is deemed waived. *Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7 (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).